FREDERICK S. AYRES ET AL. v. BENNETT RICHARDS ET AL.

*Laying out a cul de sac as a public highway—damages.*

A private way cannot be converted into a public highway without compensation to the owner of the lands over which it runs.

A private way across private property can be closed by the owner of the land; and the fact that after proceedings to lay out such a road as a public highway had been quashed, the owner still left it open and in public use, cannot be used to reduce his damages on later proceedings to open it to the public.

A road that can be advantageously used by the public only by trespassing on private property, is not properly a public highway.

Certiorari to highway commissioner. Submitted October 9 and 10. Decided October 21.

*J. H. Hall* and *Atkinson & Atkinson* for plaintiffs in error.

*Winsor & Snover* and *H. B. Carpenter* for defendants in error.

MARSTON, J. The proceedings of the commissioner in laying out a highway across relators' lands are brought here by writ of certiorari for review.

This road as laid out commences on what is called Spring street, running thence in a northerly direction across relators' lands, some nine chains, to the quarter line where it terminates. There is no highway laid out on the quarter line, or running to it, to which the public can have access from the proposed highway, nor is there any one residing on the line thereof. If this road is opened as laid out by the commissioner, the only use which can be made of it by the public, or by any person, without trespassing upon private property, would be to travel thereon from Spring street to the east and west quarter line and then retrace their steps back to Spring street, from whence they started. The road as a

highway can be of no practical use to even a single individual until in some way extended or connected with some existing or hereafter to be established highway. It may be that there are persons living north of the quarter line who, by trespassing upon private property, can thus gain access to this road and use it, but a road to which the public can gain access, and use for practical purposes only by trespassing upon private property, cannot well be considered a public highway.

In the proceedings of the commissioner as returned to and filed with the township clerk, he certifies that he justly and impartially considered the question of damages resulting to the owners or occupants, and finds that the benefit accruing to each owner and to each occupant by reason of laying out said highway, is equal to the damages resulting therefrom.

Looking at this return, at the location of this highway as shown by the survey and the map thereof, at the relator's lands and the purposes for which they are or may be used, we fail to perceive any benefit or advantage this road can be to relators or their lands. These lands as they fronted on Spring street were accessible: the proposed way is crooked, and except on Spring street neither connects with nor gives access to any highway or residence, and cannot we think render the remainder of relators' lands more valuable or marketable for any purpose. Any benefit or advantage which this road as laid out can be to relators' lands must be purely imaginary or so remote as to be unworthy of consideration. It is only by turning to the commissioner's return to the writ of certiorari, that a key to such a remarkable conclusion can be discovered. The commissioner returns that "The proof further showed that said highway, as laid out by me, would not render the *use* of relators' land less valuable, but actually made it more valuable, and that the laying out of the highway applied for, would not affect property of the relators injuriously, its only effect being to straighten somewhat the line of

the road that had been used and traveled for twenty years by the public."

That the *use* of those portions of relators' lands not taken by this road would not be less valuable by reason thereof, may be quite true; but how the use could be more valuable may be more difficult to believe, and that relators must incur considerable expense in fencing on either side of the line of this road before they could use the land for any profitable purpose would seem to be quite evident.

The reason given why the laying out of this way would not injuriously affect relators' property, because its only effect was to straighten the line of a private road that had been used and traveled by the public, was one which the commissioner could not properly take into consideration. Proceedings had previously been taken to lay out this road and the same were quashed by this court. The relators therefore had the right to close the same at any time; and if they did not do this, but suffered parties to use it, that fact could not be taken into consideration in estimating the damages in this case. Relators were entitled to the full damages which they would sustain in the laying out of the proposed highway without any deductions whatever on account of the alleged private way. A private way cannot thus be changed into a public highway, without compensation to the owner of the lands therefor, even although the new may be a straighter, wider and better road for the public. Cooley's Const. Lim., 557–545 et seq.

The proceedings of the commissioner must be quashed and held for naught.

The other Justices concurred.